Lezley FARMER, Unity Dance Company LLC, Bill Bratcher & Donna Bratcher, Appellants

v.

Jennifer HOLLEY, Appellee.

No. 10–06–00406–CV.

Court of Appeals of Texas, Waco.

Aug. 29, 2007.

---

759

Bill W. Johnston, Waco, for appellants.

Greg White, Naman, Howell, Smith & Lee, LLP, Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Lezley Farmer sold her dance studio to Jennifer Holley. Later, Lezley went to work for Bill and Donna Bratcher at Unity Dance Company which competed with Holley's dance studio. Holley sued Lezley, the Bratchers and Unity Dance (collectively referred to as Farmer) to enforce a covenant not to compete. The trial court granted Holley's motion for summary judgment, and Farmer appealed. Because section 5.04 of the Sale and Purchase Agreement was a covenant not to compete, but because the court erred in delaying the start of the covenant not to compete, the trial court's judgment is affirmed as modified.

### SUMMARY JUDGMENT

In a traditional summary judgment motion, "[t]he judgment sought shall be rendered forthwith if" the summary judgment evidence "show[s] that ... there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law...." TEX.R. CIV. P. 166a(c); see Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.2002). We review a summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference and resolve any doubts in the nonmovant's favor. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.2005).

Farmer argues that the trial court erred in granting a summary judgment in favor of Holley. Specifically, Farmer argues that there was no covenant not to compete; instead, the provision relied on by Holley was a condition precedent that Holley waived. We disagree.

A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation.

*Centex Corp. v. Dalton,* 840 S.W.2d 952, 956 (Tex.1992). The failure to perform a condition precedent may be waived by the failure to insist on performance. *Kennedy v. McMullen,* 39 S.W.2d 168, 174 (Tex.Civ. App.-Beaumont 1931, writ ref'd). The paragraph in controversy, section 5.04, is listed under Article 5 of the Sale and Purchase Agreement, the article for conditions. In the first paragraph under Article 5, the obligation of the purchaser, Holley, to close under the agreement was "subject to" five separate "conditions." Section 5.04 then provides:

> Seller shall execute and deliver to Purchaser a confidentiality and non-competition agreement prohibiting Seller from competing against the Business and Purchaser for a period of 5 years within a 50 mile radius of Waco, Texas.

While section 5.04 may be an event that would have to happen before Farmer could enforce Holley's obligation to close on the sale, it is not "waived" as Farmer uses the term. What would be waived is Holley's ability to not close on the sale. But a waiver assumes there was no covenant not to compete. Holley argues that section 5.04, itself, is a covenant not to compete. Farmer does not address this particular argument.

A covenant is a formal agreement or promise which is usually in a contract. BLACK'S LAW DICTIONARY 369 (7th ed.1999). To be legally binding, a covenant not to compete must (1) be ancillary to or part of an otherwise enforceable agreement at the time the agreement is made and (2) contain limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee. TEX. BUS. & COM.CODE ANN. § 15.50(a) (Vernon 2002); *Light v.*

*Centel Cellular Co.,* 883 S.W.2d 642, 644 (Tex.1994).

■ Section 5.04 was contained within the Sale and Purchase Agreement of the assets of Studio 84, and Farmer does not dispute that the Agreement was enforceable. The section also provides for the limitations as to time, five years; geographical area, within a 50 mile radius of Waco, Texas; and scope of activity to be restrained, competing against the business, Studio 84 [1], and purchaser, Jennifer Holley. Again, Farmer does not dispute that the limitations are reasonable and do not impose a greater restraint than is necessary. That there was no separate document containing the covenant is of no consequence. Lezley Farmer acknowledged that she thought the agreement she signed adequately and satisfactorily evidenced what she had agreed to and was all that she needed to sign and deliver to Holley. Section 5.04, itself, was a covenant not to compete.

Because we have determined that section 5.04 was a covenant not to compete, we need not determine whether the Teacher Contract, subsequently entered into between Holley and Lezley, individually, was a covenant not to compete. Farmer's first issue is overruled.

### EQUITABLE EXTENSION OF COVENANT NOT TO COMPETE

■ Farmer next contends the trial court erred in determining the ending date of the covenant not to compete to be five years from the date of judgment, November 13, 2011, rather than five years from the date of the agreement, February 27, 2009. Farmer provides us with no authority to support its position that the trial court erred. Holley makes a general argument for equity, but like Farmer, she

---

1. Holley changed the name of the business to Jenni Holley Dance Designs.

provides us with no authority to support the trial court's decision to start the duration of the covenant from the date of the judgment rather than the date the contract was signed.

Holley's equity argument is that it would be "patently unfair" for Farmer to receive credit for the time period during which violations of the covenant not to compete were "continuous and persistent." She makes no other argument for an equitable remedy. *See e.g. Guy Carpenter & Co. v. Provenzale,* 334 F.3d 459, 464 (5th Cir. 2003) (equitable extension of injunction beyond the expiration of the non-solicitation covenant because of litigation delay); *Premier Indus. Corp. v. Tex. Indus. Fastener Co.,* 450 F.2d 444, 448 (5th Cir.1971) (equitable extension due to expiration of relief within a few months); *RenewData Corp. v. Strickler,* No. 03–05–00273–CV, 2006 WL 504998, *5, 2006 Tex.App. LEXIS 1689, *15 (Tex.App.-Austin March 3, 2006, no pet.) (publish) (no abuse of discretion in refusing equitable extension of covenant not to compete when delays not attributed to litigation but to appellant).

The Sale and Purchase Agreement was signed on February 27, 2004. Lezley did not begin working for Unity Dance and the Bratchers until July 11, 2005. On August 31, 2005, the trial court temporarily enjoined Lezley from either directly or indirectly soliciting or encouraging any current and/or potential students of Holley's dance studio, Jenni Holley Dance Designs, to become either her student or the student of any other dance company or teacher within 50 miles of Holley's dance studio. She was not specifically enjoined from teaching dance. Unity Dance and Bill and Donna Bratcher were enjoined from either directly or indirectly using Lezley's name in their advertising. They were also enjoined from soliciting or encouraging by direct contact any persons known by them to be current customers of Holley's dance studio as long as Lezley was working at Unity Dance. There is no indication in the record that Lezley, Unity Dance, or the Bratchers violated this temporary injunction.

The trial court granted Holley's motion for summary judgment in September of 2006 and after Farmer waived her claim for money damages and attorneys fees, signed a final judgment in November, permanently enjoining Lezley from continuing her employment with Unity Dance, or as a dance instructor anywhere, within 50 miles of Waco, until February 27, 2009. A month later, Holley filed a motion to enforce the judgment, alleging that Lezley, Unity Dance, and the Bratchers were not complying with the judgment.

We do not hold that a covenant not to compete cannot be equitably extended, but hold that the record does not support Holley's argument that the violations of the covenant, if any, were "continuous and persistent." Thus the trial court erred in equitably delaying the start of the covenant not to compete until the date of the judgment rather than the date of the agreement. Farmer's second issue is sustained, and the amended judgment is reformed to be effective until February 27, 2009.

The trial court's judgment is affirmed as modified.

Justice VANCE concurs in the modified judgment.